USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED:  3/28/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MICHAEL ANDERSON,                              :
                                               :
                        Plaintiff,             :
                                               :
        - against -                            :
                                               :
CITY OF MOUNT VERNON and                       :
POLICE OFFICER SEAN BLUTE,                      :
                                               :
                        Defendants.            :

------------------------------------------------------------x

**OPINION AND ORDER**
09 Civ. 7082 (ER)(PED)

RAMOS, D.J.:

Michael Anderson ("Anderson" or "Plaintiff") brings this action against the City of

Mount Vernon (the "City") and Police Officer Sean Blute ("Officer Blute") (collectively,

"Defendants"), stating claims pursuant to 42 U.S.C. §§ 1983, 1988, alleging violations of his

Fourth and Fourteenth Amendment rights as a result of Defendants' alleged use of excessive

force, and alleging violations of New York common law in connection with Plaintiff's arrest on

August 30, 2008.  Dkt. No. 20 ¶ 1 ("Am. Compl.").  Presently before the Court are Plaintiff's

Objections to the Report and Recommendation ("Report"), issued by the Honorable Paul E.

Davison, United States Magistrate Judge, recommending that Plaintiff's motion to amend the

complaint be denied.  Dkt. No. 51 ("Report").

**I.    Factual and Procedural Background**

Plaintiff initially filed his complaint in New York Supreme Court, Westchester County,

on July 7, 2009, against the City and Mount Vernon Police Officer John Doe.  Dkt. No. 1 at 7-17

("Compl.").  Plaintiff alleged that on August 30, 2008, he was "confronted, beaten, and arrested"

by the John Doe defendant upon exiting a night club in Mount Vernon.  *Id.* ¶ 12, at 9.  On

August 11, 2009, the City removed the case to this Court. Dkt. No. 1 at 1-3 (Notice of Removal).

On January 6, 2011, following the completion of discovery, the City moved for summary judgment. Dkt. Nos. 14, 16. Plaintiff cross-moved to amend the Complaint to name Officer Blute in place of the "John Doe" defendant. Dkt. No. 17. The Honorable Cathy Seibel, to whom this case was then assigned, granted Plaintiff's motion, Dkt. No. 19, and on December 16, 2011, Plaintiff filed the First Amended Complaint naming Officer Blute as a Defendant. Am. Compl. The case was subsequently reassigned to the undersigned on January 5, 2012. Dkt. No. 23.

Thereafter, on June 19, 2012, Plaintiff sought leave to conduct additional discovery to depose all of the officers on the scene at the time of Plaintiff's arrest in order to investigate whether Sergeant Michael Marcucilli ("Sergeant Marcucilli")—rather than Officer Blute—was actually the officer who assaulted Plaintiff. Dkt. Nos. 31, 32. Defendants opposed the motion, and on December 14, 2012, this Court denied Plaintiff's request for additional discovery. Dkt. No. 38 at 5.

Subsequently, by motion dated April 12, 2013, Plaintiff moved to file a Second Amended Complaint to add Sergeant Marcucilli as a defendant. Dkt. No. 44. Defendants opposed the motion, Dkt. No. 48, and the Court referred the issue to the Judge Davison. Dkt. No. 36. On May 8, 2013, Judge Davison issued the Report, recommending that Plaintiff's instant motion to amend be denied. Report at 1. Plaintiff filed his Objections to the Report on May 22, 2013, Dkt. No. 54 ("Pl.'s Objections"), and Defendants responded on June 5, 2013, Dkt. No. 55.

## II.    Standard of Review

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C).  Parties may raise "specific," "written" objections to the

report and recommendation "[w]ithin fourteen days after being served with a copy."  *Id.*; *see also*

Fed. R. Civ. P. 72(b)(2).  A district court reviews de novo those portions of the report and

recommendation to which timely and specific objections are made.  28 U.S.C. § 636(b)(1)(C);

*see also United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997).  The

district court may adopt those parts of the report and recommendation to which no party has

timely objected, provided no clear error is apparent from the face of the record.  *Lewis v. Zon*,

573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008) (quoting *Arthur v. Goord*, No. 06 Civ. 326(DLC),

2008 WL 482866, at *3 (S.D.N.Y. Feb. 21, 2008)).  The district court will also review the report

and recommendation for clear error where a party's objections are "merely perfunctory

responses" argued in an attempt to "engage the district court in a rehashing of the same

arguments set forth in the original petition."  *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451

(S.D.N.Y. 2008) (citations and internal quotation marks omitted).

## III.   Plaintiff's Objections

### a.   Background

Plaintiff states claims pursuant to § 1983, as well as state law claims for assault and

battery, false arrest, false imprisonment, and malicious prosecution.  Am. Compl. ¶ 1.  Plaintiff's

§ 1983 claim is governed by New York's three-year statute of limitations for personal injury

actions, *see Owens v. Okure*, 488 U.S. 235, 250-51 (1989), and his state law claims are governed

by New York's one-year statute of limitations for intentional torts.  N.Y. C.P.L.R. 215(3)

(McKinney 2013).  As Judge Davison concluded, and as both parties concede, the statute of

limitations "had expired on all of Plaintiff's potential claims against Sergeant Marcucilli

before…Plaintiff sought leave to amend the complaint."  Report at 7 n.2; Pl.'s Mem. L. (Dkt.

No. 47) at 6-9; Defs.' Mem. L. Opp. (Dkt. No. 49) at 3.   Accordingly, the issue presented by the

instant motion is whether Plaintiff may amend his complaint to add Sergeant Marcucilli as a

defendant after the statute of limitations had run on the claims stated in the original complaint.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P 15(a)(2).

Nevertheless, a court may appropriately deny a motion to amend where the party opposing the

motion has demonstrated evidence of "undue delay, bad faith, undue prejudice to the non-

movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001).   An

amendment seeking to add a new party after the statute of limitations has expired is "futile"

unless the amendment "relates back to the date of the original pleading." Fed. R. Civ. P.

15(c)(1).

Pursuant to Federal Rule of Civil Procedure 15(c)(1)(A), Fed. R. Civ. P. 15 advisory

committee's note to 1991 amendment, if the applicable statute of limitations is determined by

state law—as is the case here—courts should assess both the state and federal relation back

doctrines and apply whichever law is more generous. *See Wilson v. City of New York,* No. 03

Civ. 2495 (RLC), 2006 WL 2528468, at *2 (S.D.N.Y. Aug. 31, 2006).   New York's relation

back doctrine provides:

> three conditions…must be satisfied in order for claims against one defendant to
> relate back to claims asserted against another…(1) both claims arose out of same
> conduct, transaction or occurrence, (2) the new party is 'united in interest' with
> the original defendant, and by reason of that relationship can be charged with such
> notice of the institution of the action that he will not be prejudiced in maintaining
> his defense on the merits and (3) the new party knew or should have known that,
> but for a mistake by plaintiff as to the identity of the proper parties, the action
> would have been brought against him as well.

*Buran v. Coupal*, 661 N.E.2d 978 (1995) (quoting *Brock v. Bua*, 443 N.Y.S.2d 407, 412 (N.Y.

App. Div. 1981)).   Federal Rule of Civil Procedure 15(c)(1)(C) provides that an amendment

relates back if the claim (1) "arose out of the conduct, transaction, or occurrence set out…in the original pleading," and if, within 120 days of filing the original complaint, the proposed defendant (2) "received such notice of the action that [he] will not be prejudiced in defending on the merits," and (3) "knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C).

Accordingly, unlike the second prong of the federal rule—which requires that the proposed defendant *actually* received notice of the action, Fed. R. Civ. P. 15(c)(1)(C)(i)—the "notice" prong of the New York rule requires only that the new party be "united in interest" with the original defendant, such that the proposed defendant can be "charged with such notice of the institution of the action." *Buran*, 661 N.E.2d at 981-82. As the Court finds that the "unity of interest" requirement in the second prong of the New York test is more generous than the parallel federal provision, it applies the New York relation-back test to this case. *See Abdell v. City of New York,* No. 05 Civ. 8453 (KMK) (JCF), 2006 WL 2620927, at *5 (S.D.N.Y. Sept. 12, 2006) ("New York relation back doctrine . . . is more generous than federal relation back doctrine"); *see also, Pape v. Bd. of Educ. of the Wappingers Cent. Sch. Dist.*, No. 07 Civ. 8828 (KMK), 2009 WL 3151200, at *15 (S.D.N.Y. Sept. 29, 2009) ("New York's relation-back doctrine arguably is more generous than federal relation back doctrine"). The burden is on Plaintiff to establish the applicability of the relation back doctrine. *See Spaulding v. Mt. Vernon Hosp.*, 725 N.Y.S.2d 358, 360 (N.Y. App. Div. 2001).

**b. Objection based upon *Krupski v. Costa Crociere S.p.A.***

Plaintiff's primary objection to the Report focuses on Judge Davison's failure to address and apply the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.,* 560 U.S. 538

(2010), in which the Court clarified certain elements of the relation back doctrine. Plaintiff

asserts that *Krupski* overruled Second Circuit case law relied upon by Judge Davison. Pl.'s

Objections at 9. According to Plaintiff, if Judge Davison had applied *Krupski*, then the last

prong of the relation-back test—that Sergeant Marcucilli knew or should have known he would

be added as a party *but for a mistake* on the part of Plaintiff—would be satisfied. *Id.* at 11.

### i. Mistake

In his Report, Judge Davison determined that Plaintiff's decision to depose only Officer

Blute reflects Plaintiff's "lack of knowledge" concerning Sergeant Marcucilli's alleged

participation, which is insufficient to show "mistake" under the relation back doctrine. Report at

8. Judge Davison relied on *Barrow v. Wethersfield Police Department,* 66 F.3d 466 (2d Cir.

1995), a Second Circuit case decided prior to *Krupski*, in which the court held that under Rule

15, lack of knowledge does not constitute a mistake for relation back purposes. *Id.* at 469-70. In

*Barrow*, a *pro se* plaintiff named several unnamed police officers as defendants in his excessive

force action. *Id.* at 467. The lower court later appointed the plaintiff *pro bono* counsel who

eventually succeeded in naming the individual police officers, but not until the limitations period

had expired. *Id.* The Second Circuit held that the amended complaint naming the individual

officers, which "did not correct a mistake in the original complaint, but instead supplied

information Barrow lacked at the outset," could not relate back under Rule 15(c). *Id.* at 470.

Plaintiff argues that *Barrow* is no longer good law because it is inconsistent with the holding of

*Krupski.* Instead, Plaintiff proposes a broad interpretation of *Krupski*—that is, that a plaintiff's

*knowledge* as to the identities of the parties to be added by a proposed amendment is irrelevant to

the relation-back analysis. Pl.'s Objections at 10-11. As addressed below, the Court finds that

such an expansive reading of *Krupski* is unwarranted and that, on the facts present here, *Krupski*

does not control.

In *Krupski*, the plaintiff filed suit for personal injuries she suffered while on board a cruise ship. Plaintiff originally named "Costa Cruises" as the defendant, which was the sales and marketing agent for the company that had issued Plaintiff's cruise ticket. *Krupski*, 560 U.S. at 541-42. However, the reverse side of the ticket stated that "Costa Crociere" was the carrier against whom claims should be brought, and listed procedures for obtaining damages for injury aboard one of its ships. *Id.* at 542. Upon learning that it had named the wrong entity, the plaintiff moved to amend the complaint to add Costa Crociere as the proper corporate defendant; however, the motion to amend was filed after the statute of limitations had run. The Court held that a plaintiff's knowledge of the proper party's existence does not preclude her from making a "mistake" with respect to that party's identity within the meaning of Rule 15(c). *Id.* at 548 ("[I]t would be error to conflate knowledge of a party's existence with the absence of mistake."). The Court concluded that plaintiff did not deliberately decide to name one defendant instead of another, but rather failed to name the proper of two highly-interrelated corporate entities with very similar names based on a misunderstanding of crucial facts regarding the two companies' roles and status. *Id.* at 555-56. In holding that plaintiff's action was a "mistake," the Court rejected the lower court's "reliance on the *plaintiff's knowledge* to deny relation back." *Id.* at 552 (emphasis added). Rather, the Court clarified that the focus of the remaining inquiry is on "whether the [party to be added] knew or should have known that, absent some mistake, the action would have been brought against him." *Id.*

The situation addressed by the Court in *Krupski* is clearly distinguishable from that faced here, or by the Second Circuit in *Barrow*, as *Krupski* did not involve a plaintiff who sued a John Doe defendant because he did not know the identity of the proper defendant at the outset of the

litigation.  Thus, unlike the plaintiff in *Krupski*, Plaintiff here did not make a mistake between

two known alternative defendants based on a misunderstanding of their status or liability.

Rather, like the plaintiff in *Barrow*, Plaintiff's failure to name Sergeant Marcucilli in the original

and First Amended Complaints was due to his lack of knowledge regarding the Sergeant's

identity.  Thus, his proposed amendment naming Sergeant Marcucilli as a defendant after the

statute of limitations had run does "not correct a mistake in the original complaint, but instead

supplie[s] information [Plaintiff] lacked at the outset." *Barrow*, 66 F.3d at 470.  Thus, on these

facts, *Krupski* does not control and *Barrow* should apply to bar Plaintiff's proposed amendment.

Indeed, the Court notes that the majority of courts in this Circuit have determined that in

situations such as the one at issue here—i.e., where the failure to name a defendant is not due to

a misimpression as to the known parties' roles or status, but rather due to a lack of knowledge as

to the proposed parties' identities—*Barrow* is still good law. *See, e.g., Lewis v. City of New

York*, No. 12 Civ. 2836, 2013 WL 6816615, at *2 (E.D.N.Y. Dec. 24, 2013) ("*Krupski* does not

address whether a plaintiff's lack of knowledge as to the identity of John Doe Defendants can be

considered a "mistake," and *Barrow* remains good law even after Krupski.") (citation omitted);

*Felmine v. City of New York*, No. 09 Civ. 3768 (CBA) (JO), 2012 WL 1999863, at *4 (E.D.N.Y.

June 4, 2012) (lack of knowledge regarding the identities of the officers that arrested the plaintiff

does not constitute a mistake for purposes of relation back); *Dominguez v. City of New York*, No.

10 Civ. 2620, 2010 WL 3419677, at *3 (E.D.N.Y. Aug. 27, 2010) (concluding that *Krupski* does

not overturn Barrow, but rather "merely picks up where *Barrow* left off…[t]herefore, Barrow's

holding that a lack of knowledge is not a mistake is still intact"); *Rodriguez v. City of New York*,

No. 10 Civ. 1849, 2011 WL 4344057, at *9 (S.D.N.Y. 2011) ("Plaintiff here, unlike Plaintiff in

*Krupski*, did not have the requisite information to sue the correct party.  Therefore, on these

facts, *Krupski* does not control and *Barrow* should apply to bar plaintiff's proposed amendment.").

Although Plaintiff objects to Judge Davison's reliance on Plaintiff's "conduct in attempting to identify potential defendants," Pl.'s Objections at 8, the Court finds no error. First, as Judge Davison held, Plaintiff's decision not to depose Sergeant Marcucilli is relevant to the question of whether Plaintiff's failure to name him was due to a "mistake" or to a lack of knowledge as to Sergeant Marcucilli's identity. Indeed, the failure to depose Sergeant Marcucilli suggests a lack of knowledge on Plaintiff's part as to his identity and involvement in the arrest. In fact, Plaintiff *admits* as much in an affidavit submitted in support of the motion to amend, stating that he did not know that "it was Sergeant Marcucilli who assaulted [him]…until June 10, 2011"—nearly two years after filing the complaint. Affidavit of Michael Anderson ("Anderson Aff.") (Dkt. No. 46) ¶ 2. As *Barrow* held, where the amending party seeks to add new defendants "to correct a lack of knowledge" rather than to "correct a mistake in the original complaint," the relation-back doctrine does not apply. *Barrow*, 66 F.3d at 470. Plaintiff's request to add Sergeant Marcucilli is clearly an attempt to add "information [Plaintiff] lacked at the outset" rather than to correct a "mistake concerning identity." *Id.* at 469-70.

Next, although the Court in *Krupski* held that a court should not base its decision regarding the application of the relation back doctrine on the amending party's diligence, *Krupski*, 560 U.S. at 553, it explained that a court *may* consider a plaintiff's post-filing conduct to the extent that it "informs the prospective defendant's understanding of whether the plaintiff initially made a 'mistake concerning the proper party's identity.'" *Id.* at 554 (citing *Leonard v. Parry*, 219 F.3d 25, 29 (2d Cir. 2000) ("[P]ost-filing events occasionally can shed light on the plaintiff's state of mind at an earlier time" and "can inform a defendant's reasonable beliefs

9

concerning whether her omission from the original complaint represented a mistake (as opposed to a conscious choice).").  Accordingly, Plaintiff's failure to depose Sergeant Marcucilli is relevant both to the issue of Plaintiff's knowledge at the time of the filing of the complaint, as well as the Sergeant's understanding of whether his "omission from the original complaint represented a mistake."  Indeed, assuming *arguendo* that Sergeant Marcucilli was on notice of the action, it would be reasonable for him to assume that, in light of Plaintiff's failure to depose him, Plaintiff's failure to name him in the complaint was the result of a conscious decision on Plaintiff's part, rather than a mistake.

### c.  Objection Based on Sergeant Marcucilli's Alleged Liability

Plaintiff also objects to Judge Davison's finding that Plaintiff failed to demonstrate that Sergeant Marcucilli had the requisite knowledge required to satisfy the New York relation back test.  Specifically, Plaintiff asserts that Sergeant Marcucilli *knew or reasonably should have known* that he would have been named as a defendant but for a mistake by Plaintiff.  Pl.'s Objections at 6.  Plaintiff's objection, simply stated, assumes that Sergeant Marcucilli should have expected to be sued because he is liable for the Constitutional violations alleged.  Plaintiff urges the Court to find that Sergeant Marcucilli should have known that he would be added as a defendant because he—and not Officer Blute—was the individual who assaulted Plaintiff.  *Id.* at 6-7 ("The effect of [Judge Davison's finding of insufficient notice] is to say that a police officer who viciously hits a plaintiff two times in his face with a billy club breaking Plaintiff's mandible bone and causing dental injuries could not reasonably be on notice that he would be sued").  This rationale assumes both that Sergeant Marcucilli is liable and that he had notice of Plaintiff's action.  However, the only evidence Plaintiff has pointed to in the record demonstrating that Sergeant Marcucilli was the individual who physically assaulted Plaintiff or that he was on

10

notice of this action is his own testimony in which he states that, long after the initial and first amended complaint, he realized and came to believe that Sergeant Marcucilli was the officer with whom he had physical contact on the night of his arrest. Anderson Aff. ¶ 2-4. Of course, Plaintiff's realization only indicates what the Plaintiff knew. It does not speak to what Sergeant Marculli *knew or should have known* regarding this lawsuit, which is the focus of the inquiry for relation back. *See Krupski,* 560 U.S. at 541 (holding that "relation back…depends on what the party to be added knew or should have known, not on the amending party's knowledge…"). Ultimately, Plaintiff cannot rely on his own, recently acquired realization to support his claim that Sergeant Marcucilli was on notice of Plaintiff's suit.[1]

### d.  Objection Based Upon Defendant's Deliberate Concealment

Plaintiff argues that his failure to add Sergeant Marcucilli as a defendant prior to the expiration of the statute of limitations was caused by Defendants' deliberate concealment and failure to disclose relevant information that would have implicated Sergeant Marcucilli. Pl.'s Objections at 12-13. Plaintiff relies on *Byrd v. Abate*, 964 F. Supp. 140 (S.D.N.Y. 1997), for the principle that a more relaxed application of the relation back doctrine must be applied when the "court believe[s] that Defendant [is] less than forthcoming in providing identification of target police officers." Pl.'s Objections at 12. However, the Court finds that *Byrd* is inapposite, as the facts are clearly distinguishable from those at issue here.

---

[1] In his reply memorandum, Plaintiff reasserts his argument that Sergeant Marcucilli had constructive notice of this action through the City's Corporation Counsel, or because he was "united in interest" with the current Defendants. Reply Mem. L. (Dkt. No. 56) at 5-6. However, in finding that Plaintiff's claims did not relate back to the original complaint, Judge Davison held that even assuming *arguendo* that the "notice" requirement of the test was satisfied, Plaintiff's proposed amendment is still futile, as he has not satisfied the third requirement of the relation-back test. Report at 7-8. Accordingly, as this Court agrees with Judge Davison's determination that Plaintiff has failed to demonstrate that Sergeant Marcucilli "knew or reasonably should have known that he would have been named as a defendant in this action but for a mistake by Plaintiff," the Court does not consider Plaintiff's renewed arguments regarding Sergeant Marcucilli's purported "constructive notice."

11

*Byrd* involved a plaintiff who repeatedly requested information during discovery that would lead to identification of the John Doe defendants. *Byrd,* 964 F. Supp. 140.  The defendants failed to provide the requested information and documents until after the statute of limitations expired, and, thus, caused plaintiff's motion to amend the complaint to be untimely. *Id.* at 145-46.  The court determined that the *defendants*—not plaintiff—failed to timely identify the John Doe defendants.  *Id.*  In stark contrast, Defendants here provided timely responses to all of Plaintiff's discovery requests and provided the names of all police officers present during Plaintiff's arrest, including Sergeant Marcucilli, prior to the expiration of the statute of limitations.[2]  Dkt. No. 47, Ex. 2.  The delay in identifying Sergeant Marcucilli is not a result of *Defendants'* deliberate resistance during the discovery process, but rather a direct result of Plaintiff's failure to diligently investigate.[3]  Accordingly, Plaintiff's objection on this basis is denied.

---

[2] In their Memorandum of Law in Response to Plaintiff's Objections, Defendants assert that "plaintiffs received all reports and names of all officers on scene well within the discovery timeframe." Dkt. No. 55 at 20.  Nowhere in the record does Plaintiff dispute or challenge this statement; therefore, the Court takes Defendants' assertion to be true.
[3] Although Plaintiff alleges that Officer Blute's deposition testimony demonstrates deliberate concealment on the part of Defendants, in that it "clearly does not place Sergeant Marcucilli with the plaintiff," he has failed to provide *both* Judge Davison *and* this Court with a copy of the transcript.  *See* Report at 8 n.3.

## IV.     Conclusion

Accordingly, having reviewed the parties' submissions, as well as all of the other documents on file in this matter, the Court ADOPTS Judge Davison's Report and Recommendation.  The Motion to Amend the Complaint to add Sergeant Marcucilli as a defendant is hereby DENIED. The Clerk of the Court is respectfully directed to terminate motions 44 and 52.

It is SO ORDERED.

Dated: March 28, 2014
       New York, New York


                                              _____
                                              Edgardo Ramos, U.S.D.J.