UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL ANDERSON,

                Plaintiff,

- against -

CITY OF MOUNT VERNON and POLICE OFFICER
SEAN BLUTE, individually and in his official capacity
as a City of Mount Vernon police officer,

                Defendants.

**OPINION AND ORDER**

09 Civ. 7082 (ER)

Ramos, D.J.

    Michael Anderson brings this action pursuant to 42 U.S.C. § 1983 and New York State law against the City of Mount Vernon (the "City") and police officer Sean Blute. Plaintiff asserts claims for, among other things, false arrest, malicious prosecution, and assault and battery. Before the Court is Defendants' second motion for summary judgment. For the reasons discussed below, Defendants' motion is DENIED.

I. **Factual and Procedural Background**

    Plaintiff initially filed his complaint in New York Supreme Court in Westchester County on July 7, 2009, bringing claims for assault and battery, false arrest, false imprisonment, and malicious prosecution under 42 U.S.C. § 1983 and New York State law against police officer "John Doe," and a *Monell* claim and New York State law claims against the City. Doc. 1 at 7–17. Plaintiff alleged that on August 30, 2008, he was "confronted, beaten, and arrested" by the John Doe police officer after leaving a night club in Mount Vernon. *Id*. ¶ 12. On August 11, 2009, the City removed the case to federal court and the case was assigned to the Honorable Cathy Seibel. *Id*. at 1–3. Following the close of discovery, the City moved for summary

judgment with respect to all of Plaintiff's claims on January 6, 2011. Doc. 14; Doc. 16. In his response to the City's motion, Plaintiff withdrew his *Monell* claim, leaving only state law claims remaining against the City. Doc. 17 at 1; Doc. 19 at 12. Plaintiff also cross-moved to amend the complaint to replace the "John Doe" defendant with Officer Blute. Doc. 17 at 2. Judge Seibel granted Defendants' motion with respect to Plaintiff's *Monell* claim, but denied summary judgment with respect to Plaintiff's other claims. Doc. 19 at 13. Judge Seibel also granted Plaintiff's motion to amend. *Id*. at 2–6. On December 16, 2011, Plaintiff filed an amended complaint naming Officer Blute as a defendant, Doc. 20 ("Am. Compl."), and the case was subsequently reassigned to the undersigned shortly thereafter, Doc. 23.

On June 19, 2012, Plaintiff sought leave to conduct additional discovery and depose all officers who were on the scene when he was arrested in order to investigate whether Sergeant Michael Marcucilli—and not Officer Blute, who was the arresting officer—had actually beaten him outside the night club. Doc. 31, 32. The Court denied Plaintiff's motion on December 14, 2012. Doc. 38. Plaintiff then moved to file a second amended complaint naming Sergeant Marcucilli as a defendant on April 12, 2013. Doc. 44. Plaintiff sought to allege that while Officer Blute confronted him outside the night club and ultimately arrested him, it was Sergeant Marcucilli who beat and injured him. Doc. 47 at 2; Doc. 47-1 ¶¶ 12–17. The Court referred the issue to Magistrate Judge Paul Davison, who recommended that Plaintiff's motion to amend be denied. Doc. 51. Specifically, Judge Davison determined that Plaintiff's proposed claims against Sergeant Marcucilli were futile because (1) they were time-barred, and (2) Plaintiff failed to demonstrate that the claims related back to the date of his original pleading. *Id*. at 7–11. The Court adopted Judge Davison's report and recommendation on March 28, 2014. Doc. 57.

On April 12, 2017, Defendants filed a second motion for summary judgment. Doc. 72. Defendants contend that because Plaintiff no longer has a federal claim against the City, the Court lacks subject matter jurisdiction over Plaintiff's state law claims against the City. Defendants' Memorandum in Support of its Second Motion for Summary Judgment ("Defs.' Mem.") at 13–14. Defendants also contend that the Court should dismiss Plaintiff's claims against Officer Blute because Plaintiff concedes that Officer Blute did not beat him outside the night club. *Id*. at 14–15.

## II. Discussion

### A. Claims against the City

Defendants contend that the Court lacks subject matter jurisdiction over the City because Plaintiff no longer has a federal claim against the City and there is no other basis for federal jurisdiction. Defs.' Mem. at 13–14. Defendants removed this action on the ground that it raises questions of federal constitutional law. *See* Doc. 1 at 1–2. Thus, Plaintiff's state law claims are before the Court as a matter of supplemental jurisdiction because they form part of the same controversy as Plaintiff's federal law claims. *See* 28 U.S.C. § 1367(a) (federal district courts have supplemental jurisdiction over state law claims "that are so related to" federal claims "that they form part of the same case or controversy").

Supplemental jurisdiction is "discretionary," *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997), and a district court "may decline to exercise supplemental jurisdiction over a claim" if it "has dismissed all claims over which it has original jurisdiction," 28 U.S.C. § 1367(c). Here, although the Court has dismissed the single federal claim against the City, federal claims still exist against co-defendant Officer Blute, as the Court discusses below. The Second Circuit has held that "a district court may *not* decline to exercise supplemental

3

jurisdiction over state law claims where federal claims remain against other defendants and the state law claims 'form part of the same case or controversy.'" *Mejia v. Davis*, 16 Civ. 9706 (GHW), 2018 WL 333829, at *6–7 (S.D.N.Y. Jan. 8, 2018) (emphasis added) (quoting *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002)); *Briarpatch Ltd. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004) (stating that a federal court has supplemental jurisdiction over a state law claim that forms part of the same controversy as a federal claim "even if the state law claim is asserted against a party different from the one named in the federal claim."). State and federal law claims form part of the same controversy if they "derive from a common nucleus of operative fact." *Briarpatch*, 373 F.3d at 308 (citation omitted). As Judge Seibel noted in her December 2011 Opinion and Order denying Defendants' first motion for summary judgment, Plaintiff's state law claims against the City are based on a *respondeat superior* theory, and thus necessarily derive from the same nucleus of operative fact as his federal claims against Officer Blute. *See* Doc. 19 at 12. Accordingly, the Court must exercise supplemental jurisdiction over Plaintiff's state law claims against the City, and Defendants' motion for summary judgment is DENIED.

**B. Claims against Officer Blute**

Defendants contend that Plaintiff's claims against Officer Blute must be dismissed because he concedes that it was Sergeant Marcucilli who beat him, "essentially abandon[ing]" his claims against Officer Blute. Defs.' Mem. at 2, 14–15. Defendants, however, ignore that Plaintiff's claims against Officer Blute go beyond the alleged beating. Plaintiff brings claims for false arrest, false imprisonment, and malicious prosecution based on Officer Blute's role as the arresting officer. Am. Compl. ¶¶ 12, 24–35; Doc. 47-1 ¶¶ 12–17, 20–39. Moreover, despite Plaintiff's concession that Officer Blute was not the person who beat him, Plaintiff still claims

4

that Officer Blute engaged in assault and battery when he came into non-consensual physical contact with Plaintiff during the arrest. Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment ("Pl.'s Mem.") at 3–4. Thus, despite his concession that it was Sergeant Marcucilli that beat him outside the night club, Plaintiff has not abandoned the balance of his federal and state law claims against Officer Blute. Accordingly, Defendants' motion for summary judgment with respect to the claims against Officer Blute is DENIED.

### III. Conclusion

For the reasons set forth above, Defendants' motion for summary judgment is DENIED in its entirety. The parties are directed to appear for a status conference on February 15, 2018, at 10:30 a.m. at the United States Courthouse, 40 Foley Square, Courtroom 619, New York, NY 10007. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 72, Doc. 74. It is SO ORDERED.

Dated: January 23, 2018
      New York, New York

                                               Edgardo Ramos, U.S.D.J.